UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY V. CAPRIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, RAY V. CAPRIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, HEALTHCARE REVENUE RECOVERY GROUP, LLC, (hereinafter "HRRG") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.


## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. HRRG is a foreign limited liability company with its office located at 1801 NW 66TH Avenue, Suite 200-C, Plantation, Florida 33313.

8. Upon information and belief, HRRG is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

9. HRRG has attempted to collect a debt allegedly owed by Plaintiff to Physician Services.

10. HRRG regularly used the United States Postage Service in its attempts to collect debts due to others.

11. HRRG is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

12. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the defendants violated various provisions of the FDCPA including but not limited to: Section § 1692g et seq.

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small

> claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.
>
> - Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

16. On or before December 7, 2010, Plaintiff's account with Physician Services became past due and was in default.

17. Plaintiff's account with Physician Services was used solely for personal use.

18. On or before December 7, 2010, Physician Services placed Plaintiff's account with HRRG for the purpose of collection.

19. On or before December 7, 2010, HRRG caused to be mailed to Plaintiff a letter attempting to collect the alleged debt. A copy of said letter is annexed hereto as Exhibit A.

20. Said letter requested payment in full.

21. Said letter stated in part, "If we can answer any questions, or if you feel you do not owe this account, **please call** us toll free at **800-984-9115** or write us at the above address."

22. Upon receipt Plaintiff read said letter.

23. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g(a)(5)

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23 as if the same were here set forth at length.

25. Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26. Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

27. Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. HRRG's letter to Plaintiff, dated December 7, 2010 contained the required validation notice on the back of the letter.

29. The second paragraph of HRRG's letter to Plaintiff, dated December 7, 2010, states in its entirety, "If we can answer any questions, or if you feel you do not owe this account, **please call** us toll free at **800-984-9115** or write us at the above address.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose. (NOTICE: SEE REVERSE SIDE FRO INFOMRATION.)"

30. The least sophisticated consumer upon reading the letter from HRRG, will be confused as to method required to effectively dispute the alleged debt.

31. Upon reading paragraph four of the notice from HRRG, the least sophisticated consumer would believe that he should choose either of the instructions as set forth in the second paragraph of the notice and either call the toll free number *or* write to HRRG at the address on the letter, to dispute the alleged debt.

32. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

33. HRRG violated Section 1692g et seq. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

34. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

35. Plaintiff repeats the allegations contained in paragraphs 1 through 34 as if the same were here set forth at length.

36. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

37. Defendants violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer that she can call either call the toll free number *or* write to HRRG at the address on the letter, to dispute the alleged debt, when in fact she must dispute the alleged debt in writing for the dispute to be effective.

38. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

   (e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and costs; and

   (f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Fairfield, New Jersey
   May 19, 2011

            *s/ Joseph K. Jones*_____
            Joseph K. Jones, Esq. (JJ5509)
            Law Offices of Joseph K. Jones, LLC
            375 Passaic Avenue, Suite 100
            Fairfield, New Jersey 07004
            (973) 227-5900 telephone
            (973) 244-0019 facsimile
            jkj@legaljones.com


## **DEMAND FOR TRIAL BY JURY**

 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.


            *s/ Joseph K. Jones*_____
            Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 19, 2011

                                             *s/ Joseph K. Jones*_____
                                             Joseph K. Jones, Esq.

# Exhibit

# A

PO BOX 189053
PLANTATION FL 33318-9053

**800-984-9115**
en Español 800-398-3975

December 7, 2010



RAY V CAPRIO        T146  P1  HRRG/040238 Y/AABB
18 BENEDICT CRES
BASKING RIDGE  NJ  07920-4916

Re: **JIM002 Validation Notification**

hrrgcollections.com
PIN# 21699579

Dear Ray V Caprio:

The health care provider(s) listed below, recently hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance on this account. Our client's records show you as the person responsible for payment of the charges for **PHYSICIAN SERVICES.**

If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800-984-9115** or write us at the above address. This is an attempt to collect a debt. Any information obtained will be used for that purpose. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)

You may send payment in full. Just fill in your credit card information on the reverse, or enclose your check/money order **payable to the creditor** along with the payment voucher below. The reply envelope provided needs no postage. Unless specified, your payment will be applied to the oldest balance first.

We hope to have your full cooperation in this collection matter.

Best regards from,

Healthcare Revenue Recovery Group, LLC

---

Client Account: **0410 - 12967764**

Amount Enclosed $ _____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| EMER PHY ASSOC NORTH JERS | 0093558419-12967764 | CAPRIO,RAY V | 49.51 | 07/06/10 |

PO BOX 5406
CINCINNATI OH 45273-7942

0 008400292 000004951 0093558419 3 1

A

This is an attempt to collect a debt from a debt collection agency.
Any information obtained will be used for that purpose.

Pursuant to Sec. 809 of the Fair Debt Collection Practices Act, unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**PLEASE NOTE:** This transaction will appear on your next credit card statement as "HRRG".

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

**INSURANCE INFORMATION**

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

**CREDIT CARD PAYMENT** — Please Check Appropriate Box
☐ MasterCard ☐ VISA ☐ American Express ☐ Discover

CARD NUMBER: _____

EXP. DATE: _____  PAYMENT AMOUNT: _____

SIGNATURE: _____  PHONE NUMBER: _____

NAME AS IT APPEARS ON CARD - PLEASE PRINT

12767