NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAY V. CAPRIO, on behalf of himself and all others similarly situated, | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff(s), | : : | **OPINION** |
| v. | : : | Civil Action No. 2:11-cv-2877 (DMC)(MF) |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, and JOHN DOES 1-25, | : : : | |
| Defendant(s). | : : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

      This matter comes before the Court upon the Motion filed by Defendant Healthcare Revenue Recovery Group, LLC ("Defendant") for Judgment on the Pleadings. ECF No. 10. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion is **granted**.

## I.    BACKGROUND

      This matter involves allegedly unlawful debt collection practices. Plaintiff Ray V. Caprio ("Plaintiff") seeks to bring this action on behalf of himself and all others similarly situated. Compl. ¶¶ 1, 13, ECF No. 1. Defendant is a foreign limited liability company with its office located in Florida, and is primarily engaged in the business of acquiring and collecting debts that are allegedly owed to others. Compl. ¶¶ 7-8. Plaintiff seeks damages and declaratory and injunctive relief arising from Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et

seq. (the "FDCPA").  Compl. ¶ 1.

Plaintiff had an account with non-party Physician Services, which became past due on or before December 7, 2010.  Compl. ¶ 16.  Physician Services placed Plaintiff's account with Defendant for collection.  Compl. ¶ 18.  On or before December 7, 2010, Defendant sent Plaintiff a collection letter.  Compl. ¶ 19; Ex. A to Compl. (the "Collection Letter").  The Collection Letter consists of three paragraphs on the front, a detachable payment slip at the bottom, and required validation notice information on the reverse side of the letter.  The first paragraph of the Collection Letter indicates that Physician Services hired Defendant to collect the balance of Plaintiff's account. The second paragraph forms the basis of this action, and states, in full:

> If we can answer any questions, or if you feel you do not owe this amount, <u>please</u> <u>call</u> us toll free at <u>800-984-9115</u> or write us at the above address.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)

Collection Letter (emphasis in original).  The third paragraph indicates that Plaintiff "may send payment in full," and provides instructions for doing so by credit card, check, or money order.

The reverse side of the Collection Letter contains the following validation notice:

> This is an attempt to collect a debt from a debt collection agency.  Any information obtained will be used for that purpose.  Pursuant to Sec. 809 of the Fair Debt Collection Practices Act, unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Plaintiff filed a Complaint in this Court on May 19, 2011, alleging claims for relief under two sections of the FDCPA.  First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a)(5)

-2-

because the "least sophisticated consumer," upon reading the second paragraph of the Collection Letter, would believe that either calling Defendant at the toll free number or writing to Defendant's address would suffice to dispute the alleged debt.  Compl. ¶¶ 24-34.  According to Plaintiff, this violates the FDCPA because it provides confusing instructional language.  Compl. ¶ 33.  Second, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(10) by providing language that misrepresents to the "least sophisticated consumer" that either calling or writing would be sufficient to dispute the debt, despite the fact that disputes are only effective when in writing.  Compl. ¶¶ 35-38.

On June 24, 2011, Defendant filed an Answer setting forth a number of affirmative defenses, including an assertion that Plaintiff failed to state a claim upon which relief can be granted.  ECF No. 6.  Defendant filed the present Motion on August 9, 2011, which further contends that Plaintiff failed to state a claim upon which relief can be granted.  Def.'s Mot. Br. 13, ECF No. 10-1.  Plaintiff filed his Opposition on August 30, 2011.  ECF No. 12.  Defendant filed its Reply Brief on September 9, 2011.  ECF No. 15.  The matter is now before this Court.

## II.    STANDARD OF LAW

"A defendant may move to dismiss a complaint or parts of a complaint before or after filing an answer."  Wyeth v. Ranbaxy Laboratories Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006).  "A motion made before an answer is filed is a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6)."  Id.  "A motion made after an answer is filed is a motion for judgment on the pleadings pursuant to Rule 12(c)."  Id.  "A motion for judgment on the pleadings based on the defense that the plaintiff failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion."  Revell v. Port Auth. of New York, New Jersey, 598 F.3d 128, 134 (3d Cir.

2010); see also Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards" for a motion to dismiss and a motion for judgment on the pleadings). "In evaluating a motion for judgment on the pleadings, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents." Alves v. Ferguson, No. 01-789, 2010 WL 3155128, *2 (D.N.J. Aug. 9, 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Bearing these standards in mind, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id.

-4-

"Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Young v. Speziale, No. 07-3129, 2009 WL 3806296 at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S. Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."  Iqbal, 129 S.Ct. at 1950.

## III.   DISCUSSION

The FDCPA prohibits debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under the Act, a communication is deceptive if it "can be reasonably read to have two different meanings, one of which is inaccurate."  D'Addario v. Enhanced Recovery Co., LLC, 798 F.Supp.2d 570, 572 (D.N.J. 2011) (citing Campuzano–Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 298 (3d Cir. 2008).  Additionally, the FDCPA requires debt collection letters to include certain debt validation provisions advising consumers of their rights.  Graziano v. Harrison, 950 F.2d 107, 110 (3d Cir. 1991); 15 U.S.C. § 1692g.  The first statement that must be included is one noting that unless the debtor, within thirty days of receipt of notice, disputes the validity of the debt, the debt will be assumed.  15 U.S.C. § 1692g(3).  Further, debt collection letters must contain a statement that if the debtor notifies the collector in writing within those thirty days that the debt is disputed, the debt collector will obtain and mail to the debtor either verification of the debt or a judgment against the debtor.  15 U.S.C. § 1692g(4).  Debt collectors must also inform debtors that upon a written request within the thirty day period, the debt collector will provide the debtor with the name and address of the original creditor.  15 U.S.C. § 1692g(5).  These notices must be communicated effectively.

-5-

Graziano, 950 F.2d at 111.  "Thus, a debt collector violates the FDCPA when the validation notice is 'overshadowed' or 'contradicted' by other portions of the communication."  D'Addario, 798 F.Supp.2d at 573 (citing Graziano, 950 F.2d at 111).  "Whether a communication is deceptive, and whether it overshadows or contradicts the validation notice, is evaluated 'from the perspective of the least sophisticated debtor.'"  Id. (citations omitted).  This standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor.  Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  While this standard does protect naive consumers, it does not extend so far as to permit liability under "bizarre or idiosyncratic interpretations" of collection notices.  Id. (internal citations omitted).  Rather, the least sophisticated debtor standard preserves "a quotient of reasonableness," and presumes "a basic level of understanding and willingness to read with care."  Id. at 354-55 (internal citations omitted).

At the outset, the Court notes that the Collection Letter contains an appropriate validation notice provision, the language, placement, and form of which Plaintiff does not challenge.  Further, the Collection Letter does not threaten or encourage Plaintiff to waive his statutory right to challenge the validity of the debt.  Such threats or encouragements are the type of language usually found to overshadow or contradict a 15 U.S.C. § 1692g notice provision.  See, e.g., Graziano, 950 F.2d at 111 (holding demand for payment within ten days rendered statutory notice invalid); Wilson, 225 F.3d at 360 n.6 ("Where specific action is threatened for nonpayment, the least sophisticated debtor might feel that he has no other option but to pay, in which case such threats have been found to overshadow the validation notice and cause the debtor to overlook his statutory right to dispute the debt.").  Language that does not contain specific threats, but rather only contains generic threats, often does not overshadow statutory notice provisions.  See, e.g., Wilson, 225 F.3d at 360 (holding statement

affording debtor opportunity to pay bill "immediately and avoid further action" did not overshadow statutory notice provision).

Plaintiff does not focus his arguments on any threatening language of the letter, or on the form of the validation notice.  Rather, Plaintiff attacks the Collection Letter's alleged tendency to confuse the reader.  In Count One of the Complaint, Plaintiff contends that the Collection Letter violates 15 U.S.C. § 1692g because it "could reasonably be read to have two or more different meanings, one of which is inaccurate."  Compl. ¶¶ 24-34; Pl.'s Opp'n Br. 8.  Specifically, Plaintiff contends that the statement "If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address" advises Plaintiff that he could dispute the alleged debt by either calling Defendant or writing to Defendant.  Pl.'s Opp'n Br. 8.  When read in this light, the Collection Letter would be inaccurate because under the law of the Third Circuit, debt disputes must be in writing to be effective.  See, e.g., Graziano, 950 F.2d at 112 ("We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing.").  Additionally, Plaintiff argues that the Collection Letter violates 15 U.S.C. § 1692g because it contains none of the thirty day time requirements set forth in the FDCPA, and thus conflicts with the validation notice provided on the back of the letter.  Pl.'s Opp'n Br. 9.  Defendant reads the language at issue differently, and argues that it merely served to encourage Plaintiff to call Defendant to discuss the debt.  Def.'s Mot. Br. 8-10.

The Court agrees with Defendant's reading of the Collection Letter.  In so holding, the Court is persuaded by the holdings of other courts addressing similar issues.  For example, in Terran v. Kaplan, the Ninth Circuit rejected contentions that a letter violated the FDCPA when that letter

stated "Unless an immediate telephone call is made to J.SCOTT . . . , we may find it necessary to recommend to our client that they proceed with legal action."  <u>Terran</u>, 109 F.3d 1428, 1430.  The Ninth Circuit noted that this language did not threaten or encourage the debtor to waive his statutory right to challenge the validity of the debt, but rather, merely encouraged communication with the debt collection agency.  <u>Id.</u> at 1434.  Similarly, in <u>Vasquez v. Gertler & Gertler, Ltd.</u>, the Northern District of Illinois addressed contentions that a collection letter asking a debtor to contact the collection agency "without delay" induced a waiver of the debtor's rights.  987 F.Supp. 652, 658 (N.D. Ill. 1997).  The plaintiff in that case argued that the request for "contact" encouraged unwritten communication that would not be effective to exercise his verification rights.  <u>Id.</u>  In response to this argument, the <u>Vasquez</u> Court noted that the collection letter at issue contained an appropriate, conspicuously printed validation notice that clearly informed the debtor that debt disputes must be presented in writing.  <u>Id.</u>  Consequently, the <u>Vasquez</u> Court held that the collection letter did not leave the least sophisticated debtor "with the mistaken impression that he can dispute the debt by telephone."  <u>Id.</u>  This District's case law is in accordance with these opinions, as exemplified by the recent holding in <u>D'Addario v. Enhanced Recovery Co., LLC</u>.  There, the District Court upheld the phrase "We are very interested in helping you . . . please contact one of our recovery specialists to assist you in setting up a repayment plan . . . ."  <u>D'Addario</u>, 798 F.Supp.2d at 574.  In so holding, the District Court noted "Importantly, the letter contains no threats or demands whatsoever."  <u>Id.</u>

Here, the statement "If we can answer any questions, or if you feel you do not owe this amount, <u>please</u> <u>call</u> us toll free at <u>800-984-9115</u> or write us at the above address," when read in connection with the entire letter, would not confuse the least sophisticated debtor.  Plaintiff is charged with reading the Collection Letter in its entirety.  <u>Campuzano–Burgos</u>, 550 F.3d at 298.  The

validation notice on the back of the Collection Letter clearly sets forth Plaintiff's rights, and informs him that disputes must be in writing.[1]  The language on the front of the Collection Letter does not instruct Plaintiff that calling will sufficiently dispute the debt.  Nor does that language require Plaintiff to dispute the debt in a period shorter than thirty days, or threaten Plaintiff that if he does not call to dispute the debt he will suffer imminent legal action.  A more appropriate reading of the Collection Letter reveals that the language on the front of the letter reflects an invitation to communicate, and the validation notice on the back of the letter sets forth the Plaintiff's rights.  As discussed above, courts routinely uphold similar efforts to communicate, and do not view them as overshadowing or contradictory.  Plaintiff seeks to distinguish Defendant's arguments, and the case law relied on by Defendant, on the grounds that this case involves confusion regarding validation notice, and not verification notice.  Pl.'s Opp'n Br. 10.  This distinction is of no merit.  The Collection Letter clearly and accurately sets forth all of the required validation notice language, and the language on the front does not overshadow or contradict that validation notice.  Defendant is therefore entitled to judgement on the pleadings as to Plaintiff's claim under 15 U.S.C. § 1692g.

Count Two of the Complaint is similarly flawed.  Plaintiff argues that the same allegedly overshadowing and contradictory language is also misleading, and as such, violates 15 U.S.C. § 1692e(10).  Compl. ¶¶ 35-38.  When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is

---

[1]While the Collection Letter does not indicate that disputes as to the validity of the debt must be in writing in order to prevent the debt collector from assuming the debt as valid, it is clear that the Collection Letter was not required to do so, as it mirrors the statutory language. Edwards v. Powell, Rogers & Speaks, Inc., No. 6-1271, 2007 WL 2119214 at *5 (W.D.Pa. July 20, 2007).

usually dispositive.  See, e.g., Ardino v. Lyons, Doughty & Veldhuis, P.C., No. 11–848, 2011 WL 6257170 at *11-12 (D.N.J. Dec. 14, 2011) (dismissing claims under § 1692g, and dismissing claims under § 1692e(10) to the extent that the claims relied on the same theory); Vasquez, 987 F.Supp. at 659 ("Absent any other basis for [the plaintiff's] section 1692e claim, our overshadowing determination is dispositive because the only way in which he claims this language is misleading is that it contradicts and overshadows.").  Plaintiff alleges that the Collection Letter violates 15 U.S.C. § 1692e(10) because it misrepresents that Plaintiff can "either call the toll free number or write to [Defendant] at the address on the letter, to dispute the alleged debt, when in fact [Plaintiff] must dispute the alleged debt in writing . . . ."  Compl. ¶ 37 (emphasis in original).  This allegation relies on the same language and theory as Plaintiff's allegation under 15 U.S.C. § 1692g.  Therefore, for the same reasons that Defendant is entitled to judgment on the pleadings as to Count One, Defendant is also entitled to judgment on the pleadings as to Count Two.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        March    9  , 2012
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

-10-